IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
10/30/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

CHRISTIAN DE JESUS LOPEZ ALVAREZ,

Petitioner,

v.

Warden, Midwest Regional Reception Center; MARKWAYNE MULLIN, Secretary, DHS; and DAVID VENTURELLA, Acting Director, ICE,

Respondents.

Case No. 26-3387-JWL

## MEMORANDUM AND ORDER

Petitioner, acting *pro se*, has filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials. For the reasons set forth below, the petition is **denied**. Petitioner's motion for release while this case is pending (Doc. # 2) is hereby **denied as moot**.[1]

On October 6, 2026, petitioner was taken into custody by immigration officials, and he remains in custody within this judicial district. Petitioner filed this case on October 14, 2026; respondents have filed an answer, and petitioner has filed a traverse, and the matter is therefore ripe for ruling.

[1] Petitioner's motion to correct his detainee identification number in the case records (Doc. # 6) is hereby **granted**.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003).

In his first claim, petitioner challenges his detention without a bond hearing. In answer to the petition, respondents represent that petitioner is presently detained pursuant to 8 U.S.C. § 1226(a); and that representation is supported by evidence that on October 6, 2026, the date of his detention, officials served on petitioner a notice of a custody determination pursuant to Section 1226. Section 1226(a) provides for discretionary release on bond, *see id.*; therefore, a bond hearing is available to petitioner upon request to the immigration court. Petitioner has not shown or alleged that any such request has been denied. Accordingly, because petitioner is not being denied a bond hearing in violation of the law, the Court denies this claim.

By his second claim, petitioner seeks his release based on a lack of adequate medical care while in custody. The only specific complaint in that regard is that he has not received medication for his diabetes. The Court denies this claim as well. A detainee who challenges a condition of his confinement – such as the constitutional adequacy of medical care – must do so through a civil rights action, not by a habeas action. *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011). This Court has concluded that it may consider a habeas claim that the detainee's medically safe confinement cannot be achieved. *See Recarte Cruz v. Guadian*, 2020 WL 7024298, at *6 (D. Kan. Nov. 30, 2020)

(Lungstrum, J.). Petitioner has not made such a showing here, however. Petitioner alleges that he has not received diabetes medication. Respondents have provided evidence, however, that petitioner indicated on multiple occasions that he was not taking any diabetes medication at the time of his detention, and petitioner has not disputed that evidence. Respondents have provided further evidence that petitioner's medical needs have been and are being evaluated and that he has received all necessary medical treatment. Petitioner has not shown that his medical needs are not being met, and thus he has not shown that he cannot be safely confined. Indeed, petitioner states in his traverse that he is not contending that medical conditions alone require his release. Accordingly, the Court denies this claim. Any claim by petitioner for specific medical relief must be pursued by a civil right action.

Finally, because the Court denies the petition in its entirety, petitioner's motion for release while this case is pending is now moot.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion for release while the habeas case is pending (Doc. # 2) is hereby **denied as moot**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to correct his identification number in the records of this case (Doc. # 6) is hereby **granted**.

IT IS SO ORDERED.

Dated this 30th day of October, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge